**PACIFIC INLAND NAVIGATION CO., Inc., Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Appellee.**

**No. 22243.**

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1969.

Theodore A. Le Gros (argued), of Howard, Le Gros, Buchanan & Paul, Seattle, Wash., for appellant.

Thomas J. McKey (argued), of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

Appellant, Pacific Inland Navigation Co., Inc. (Pacific), brought this civil action to compel Appellee, Fireman's Fund Insurance Company (Fireman's Fund), to honor an alleged contractual obligation to indemnify Pacific against loss by reason of liability imposed upon it by law for damages. The contract in question is Fireman's Fund Insurance Company Policy No. LS–1214 effective June 1, 1964. The particular accident was suffered by a longshoreman, Friedolf Humpla, while directly employed by Pacific aboard one of its barges in the Port of Portland, Oregon, on September 27, 1964.

Humpla subsequently brought suit against Appellant in reliance upon the case of Reed v. S/S YAKA, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963). The defense of that suit was tendered to Fireman's Fund and was rejected. Thereafter, Pacific settled the Humpla suit for $35,343.85. Of this amount, $30,000 was paid by Pacific and the re-

mainder was contributed by Fireman's Fund through waiver of its statutory lien under the Longshoremen's and Harbor Workers' Compensation Act for medical expenses and compensation paid.

The basis of this suit is the policy of insurance identified above. The coverage upon which Appellant relies is set forth in paragraph One (b), stating in part:

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada * * *."

Appellee has denied coverage for this loss suffered by Appellant, maintaining that Endorsement No. 2 restricted policy coverage only to the Longshoremen's and Harbor Workers' Compensation Act. Both Appellant and Appellee, believing that this was solely a question of construction, filed motions for summary judgment. Both motions were heard by the court below which thereafter entered its summary judgment on July 31, 1967, stating in part:

"* * * and the Court having found that there is no dispute of material facts concerning the insurance contract and endorsements thereto issued by Fireman's Fund Insurance Company as Policy No. LS–1214, and concluding that the language of said contract, as endorsed, did not cover the liability of the plaintiff assured in a lawsuit brought under the authority of Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 * * *."

The judgment concludes by dismissing Appellant's complaint and awarding the Appellee judgment on its counterclaim in the amount of $5,343.85 expended by it under waiver of its statutory lien.

The jurisdiction of the District Court was predicated upon diversity of citizen-

* Hon. Bruce R. Thompson, United Staates District Judge, Reno, Nevada, sitting by designation.

ship and the amount in controversy. We have jurisdiction on appeal under 28 U.S.C. § 1291.

█ Inasmuch as we find the insurance contract to be clear and unambiguous, there is no need to apply the principles established by the Washington cases cited by Appellant governing the interpretation of obscure, indefinite, uncertain or ambiguous insurance contracts. The language of the policy should be given the usual, popular and ordinary meaning. Safeco Insurance Company of America v. McManemy, 72 Wash.Dec.2d 212, 432 P.2d 537; Town of Tieton v. General Insurance Co. of America, 61 Wash.2d 716, 380 P.2d 127.[1]

The pertinent portions of this policy are quoted on the margin.[2] Endorse-

---

1. "When construing the terms of an insurance policy, the court will give the language used its popular and ordinary meaning, unless it is apparent from a reading of the whole instrument that a different or special meaning was intended or is necessary to avoid an obscure or unreasonable result." Town of Tieton v. General Insurance Co. of America, 380 P.2d 127, at p. 130.

2. DECLARATIONS:

"Fireman's Fund Insurance Company, Home Office San Francisco (hereinafter called the Company), does hereby agree with this Employer, named and described as such in the Declarations, forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows:

"Compensation.

"One. (a) TO PAY PROMPTLY to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes as may be applicable thereto, cited and described in an endorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse, or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

"It is agreed that all the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.

"Liability for Damages.

"One. (b) TO INDEMNIFY this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy."

ENDORSEMENT NO. 1:

"FEDERAL LONSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ENDORSEMENT.

"The obligations of Coverage A of the Policy include the LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT being Public Act No. 803 of the 69th Congress, approved March 4, 1927, and all laws amendatory thereof or supplementary thereto which may be or become effective while this Policy is in force.

"The Company will carry out the provisions of section 35 of said Act. Insolvency or bankruptcy of the Employer and/or discharge therein shall not relieve

ment No. 2 explicitly and unambiguously restricts the coverage of the policy to liability defined by the Longshoremen's and Harbor Workers' Compensation Act. Appellant argues that if we accept this at face value, the coverage of Clause No. 1–B of the policy becomes illusory and that there is no possible liability at law

for damages for which the employer might require indemnification. The further provision of Endorsement No. 2 saving the coverage of Clause No. 1–B "if said Federal Longshoremen's and Harbor Workers' Compensation Act should be declared in whole or in part unconstitutional" is debunked as similarly illu-

the Company from payment of compensation and other benefits lawfully due for disability or death sustained by any employee during the life of the Policy.

"The Company agrees to abide by all the provisions of this Act and all lawful rules, regulations, orders, and decisions of the United States Employees' Compensation Commission and of the Deputy Commissioner having jurisdiction, unless and until set aside, modified, or reversed by a court having jurisdiction of the parties and the subject matter.

"If this Employer is a contractor the subject of whose contract includes operations covered by this Policy and he shall sub-contract all or any part of such contract to one or more sub-contractors, the remuneration of all the direct employees of all such subcontractors shall be included in the return of remuneration under the provisions of this Policy upon which premium is computed. Such remuneration so reported shall be considered the remuneration of employees of this Employer and shall in all instances be governed by the same terms, conditions, requirements, and obligations of the Policy as the remuneration of the direct employees of this Employer. The requirements of this paragraph shall not apply as respects any such sub-contractor who has secured compensation for his direct employees as required by the Longshoremen's and Harbor Workers' Compensation Act, but this Employer shall not claim the benefit of this exemption unless and until he shall satisfy the Company by certificate or otherwise that any such sub-contractor has legally secured the payment of compensation to his own direct employees and then only respecting any sub-contractor who has furnished such proof.

"This endorsement shall not be cancelled prior to the date specified in this Policy for its expiration until at least thirty days have elapsed after a notice of cancellation has been sent to the Commission, to the Deputy Commissioner, and to this Employer.

All terms, conditions, requirements and obligations expressed in this Policy or in any other endorsement attached thereto which are not inconsistent with

or inapplicable to the provisions of this endorsement are hereby made a part of this endorsement as fully and completely as if wholly written herein.

"The rates of premium are subject to change, if during the term of the Policy any amendments affecting the benefits provided by this Act become effective, such change, if any, to be expressed by an endorsement naming the effective date thereof."

ENDORSEMENT NO. 2:

"ENDORSEMENT RESTRICTING POLICY COVERAGE.

"The obligation of Paragraph One (a) of the policy which this endorsement is attached shall cover only the Workmen's Compensation Law hereinafter cited and described and none other:

" 'LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT' (Public Act No. 803—69th Congress).

"It is mutually understood and agreed that except as this policy may be otherwise extended by endorsement, no other liability of any nature whatsoever, except as defined by the said Longshoremen's and Harbor Workers' Compensation Act, is covered hereunder.

"It is understood and agreed, however, that the above will not operate to exclude liability under clause No. 1–B of the policy in respect to those employees to which the Federal Longshoremen's and Harbor Workers' Compensation Act applies if said Federal Longshoremen's and Harbor Workers' Compensation Act should be declared in whole or in part unconstitutional."

ENDORSEMENT NO. 4:

"LIMITATION OF LIABILITY ENDORSEMENT PARAGRAPH ONE (b).

"It is understood and agreed that anything in this policy or endorsement thereto to the contrary notwithstanding, the Company's liability under Paragraph One (b) (employers' liability for damages other than Workmen's Compensation) is limited to $100,000.—for all damages arising out of injury to or death of one or more employees in any one accident. A series of injuries arising out of the same event shall be considered as one accident."

sory and a proliferation of meaningless words inasmuch as the Act withstood an attack on its constitutionality in Crowell v. Benson (1932), 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Thus, argues Appellant, in order to give some effect to the policy as a whole and particularly the coverage of Clause 1–B (see Hollingsworth v. Robe Lumber Co., 182 Wash. 74, 45 P.2d 614, 615; Fardig v. Reynolds, 55 Wash.2d 540, 348 P.2d 661), it is essential to interpret the restrictive language of Endorsement No. 2 as applying only to the coverage under Clause 1–A to avoid an "obscure or unreasonable result." Town of Tieton v. General Insurance Co. of America, *supra.* This interpretation would leave the coverage of Clause 1–B unfettered and applicable as indemnity to the employer, Pacific, "against loss by reason of the liability imposed upon him by law for damages on account of * * * injuries * * * to * * * employees" (Clause 1–B).

If Appellant's premises were sound, the argument would be appealing; that is to say, if the interpretation given to the policy by the District Court left the coverage of Clause 1–B as an illusory representation of coverage for which the insured paid a premium but which, in substance, represented no promise of indemnification whatsoever, a different result would be indicated. This, however, is not the case. The Federal Longshoremen's and Harbor Workers' Compensation Act, when adopted and now, did contain and does contain a specific provision saving in the employee a right of action against the employer if any part of the Act is declared unconstitutional so as to invalidate the payment of compensation under the Act (33 U.S.C. § 949).[3] Otherwise, the employee's remedies under the Act are exclusive (33 U.S.C. § 905).

 Accordingly, to provide an employer with compensation insurance coverage which will afford him full and complete coverage under the very terms and provisions of the Longshoremen's and Harbor Workers' Compensation Act itself, it is essential that the coverage of Clause 1–B be included as applicable to the very limited area of possible unconstitutionality of a part of the law. This obvious and reasonable basis for the form of the policy declarations and the endorsements eliminates any cause for according other than face value to the straightforward and unambiguous announcement in Endorsement No. 2 that "no other liability of any nature whatsoever, except as defined by the said Longshoremen's and Harbor Workers' Compensation Act, is covered hereunder." This is a workmen's compensation policy and nothing else.

The judgment below is affirmed.

---

**3.** "Effect of unconstitutionality.

"If any part of this chapter is adjudged unconstitutional by the courts, and such adjudication has the effect of invalidating any payment of compensation under this chapter, the period intervening between the time the injury was sustained and the time of such adjudication shall not be computed as a part of the time prescribed by law for the commencement of any action against the employer in respect of such injury; but the amount of any compensation paid under this chapter on account of such injury shall be deducted from the amount of damages awarded in such action in respect of such injury." 33 U.S.C. § 949.